COMMONWEALTH *vs.* KENNETH J. HARRISON.

Suffolk.    March 4, 1974. — May 2, 1974.

Present: REARDON, QUIRICO, BRAUCHER, KAPLAN, & WILKINS, JJ.

*Homicide.*

In a capital case, where the judge charged the jury on murder in the first degree committed with "deliberately premeditated malice afore-thought," and murder in the first degree committed with "extreme atrocity or cruelty," evidence that the defendant thought about murder before committing it, and that he strangled the victim, a small, young boy, so that death occurred over a period of "[t]wo or three to five minutes" as a result of a powerful, constant force, warranted a finding of guilt on each of the grounds for murder specified in the charge. [236-237]

INDICTMENT found and returned in the Superior Court on January 13, 1970.

The case was tried before *Paquet*, J.

*Albert L. Hutton, Jr.*, for the defendant.

*Jack I. Zalkind*, Special Assistant District Attorney (*Elizabeth C. Casey*, Assistant District Attorney, with him) for the Commonwealth.

WILKINS, J.    The defendant was found guilty of murder in the first degree by a jury who recommended that the sentence of death be not imposed.[1] The defendant argues that the judge should not have submitted to the jury the question whether he was guilty of murder in the first degree. The judge charged the jury on murder in the first degree committed with "deliberately premeditated malice aforethought" and murder in the first degree committed

---

[1] The case was tried in November, 1970, before the decision of the Supreme Court of the United States in *Furman* v. *Georgia*, 408 U. S. 238 (1972).

with "extreme atrocity or cruelty." G. L. c. 265, § 1. The crucial evidence against the defendant consisted largely of admissions and of a confession to the police which was found to have been voluntarily made.

The victim was a small, young boy who died by strangulation. A rope or twine was wound around his neck many times and pulled tight so as to cause a groove or depression in the skin of his neck and to cause the brain to swell, filling the entire space in the victim's skull. The medical examiner testified that death occurred over a period of "[t]wo to three to five" minutes as a result of a powerful, constant force without any relaxation. The defendant confessed to strangling the boy and to hiding his body in an abandoned building. He stated in his confession that he met the boy near a bowling alley and then walked with him along railroad tracks to the abandoned building where the crime was committed. The defendant confessed that when they arrived at the building "I got to thinking about what I had in my mind and this would be an opportunity and I had the urge to kill again." The defendant denied remembering the details of the strangulation because he had been drinking heavily that day.

On this evidence we believe the judge rightly submitted the question of murder in the first degree to the jury. In this circumstance, of course, the finding of guilt can be sustained only if the evidence warranted submission of the question of guilt of murder in the first degree on each of the grounds on which the judge charged the jury. The evidence justified a finding that the defendant had "a conscious and fixed purpose to kill continuing for a length of time and warranted a finding of murder with deliberately premeditated malice aforethought." *Commonwealth* v. *Bonomi*, 335 Mass. 327, 356 (1957). See *Commonwealth* v. *Satterfield*, 362 Mass. 78, 82 (1972), and cases cited. Similarly, the question of murder committed with extreme atrocity or cruelty was properly submitted to the jury. Although the strangulation of the young victim was obviously less cruel and atrocious than the manner of causing death in many of our cases, the jury would have been

warranted in finding that it was "more than ordinary atrocity or cruelty." *Commonwealth* v. *Knowlton,* 265 Mass. 382, 388 (1928). Thus the evidence was sufficient to permit a finding of murder in the first degree committed with "extreme atrocity or cruelty." Although, as we have said, "[O]ne cannot easily separate degrees of cruelty or atrocity by precise legal rules, . . . [t]he final determination of whether extreme atrocity or cruelty exists . . . must be decided by the jury, who, as the repository of the community's conscience, can best determine when the mode of inflicting death is so shocking as to amount to extreme atrocity or cruelty." *Commonwealth* v. *Connolly,* 356 Mass. 617, 628 (1970), cert. den. sub nom. *Connolly* v. *Massachusetts,* 400 U. S. 843 (1970). See *Commonwealth* v. *Eisen,* 358 Mass. 740, 746-747 (1971), and cases cited.

The defendant asks us to exercise our power under G. L. c. 278, § 33E, to grant a new trial or at least to reduce the conviction of murder in the first degree to a lesser crime. The asserted errors, beyond those already considered, were not the subject of any exception by the defendant. A review of the entire transcript in the fulfilment of our duty to consider whether there has been a miscarriage of justice (*Commonwealth* v. *Miskel,* 364 Mass. 783 [1974]) does not convince us that the verdict should be disturbed.

*Judgment affirmed.*